**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY ALAN JOHNSON,

             Petitioner - Appellant,

  v.

GARY SANDOR,

             Respondent - Appellee.

No. 08-17210

D.C. No. 3:06-cv-03257-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted August 30, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant Gregory Alan Johnson (Johnson) challenges the district court's

denial of his habeas petition. Johnson contends that his constitutional rights were

violated because the jury instructions on felony murder and robbery allowed the

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jury to find Johnson guilty even if he formed the intent to steal after the killing.

Because Johnson's habeas petition was filed after 1996, his claim is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009).

"Under AEDPA, [Johnson's] petition can be granted only if the state court determination resolving his claims was contrary to, or involved an unreasonable application of, clearly established Federal law . . ." *Id.* (citation and internal quotation marks omitted). It is clearly established federal law that "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Rather, "[t]he only question for us is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. at 72 (citation and internal quotation marks omitted). In making this determination, we consider the instructions and trial record as a whole. *See id*.

Applying *Estelle*, the California Court of Appeal's denial of Johnson's instructional error claim was not an unreasonable application of governing Supreme Court precedent because the instructions, considered as a whole, adequately informed the jury regarding the intent required to convict Johnson of felony murder. *See id.* Therefore, no viable due process claim could be made.

Because Johnson is unable to make the requisite showing that his remaining claims "are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further," we decline to expand the certificate of appealability. *Mendez v. Knowles*, 556 F.3d 757, 770-71 (9th Cir. 2009) (citation, alteration, and internal quotation marks omitted).

**AFFIRMED.**